UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BURTON,<br>　　　　Petitioner,<br>　　　　v.<br>DANIEL PARAMO, Warden,<br>　　　　Respondent. | NO. CV 18-0148-DOC (AGR)<br><br>ORDER OF DISMISSAL |

For the reasons discussed below, the Court will dismiss this habeas action summarily, without prejudice, because Petitioner's claim is not cognizable in federal habeas proceedings under *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017).

# I.
# SUMMARY OF PROCEEDINGS

On January 2, 2018, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (See Petition, back of envelope.)

# II.
# THE PETITION IS NOT COGNIZABLE IN HABEAS CORPUS

Petitioner challenges the outcome of 2017 prison disciplinary proceedings. According the Petition and its exhibits, on April 1, 2017, Officer M. Gonzalez prepared a Rules Violation Report ("RVR") stating that, on March 31, 2017, Petitioner committed the violation of "Disrespect w/ Potential for Violence / Disruption." (Petition at 22-23.[1]) On April 26, 2017, officer L. Skelton held a disciplinary hearing. Petitioner pleaded not guilty, explaining that what occurred with Officer Gonzalez was a misunderstanding and miscommunication. (*Id.* at 34, 36.) On April 28, 2017, Skelton found Petitioner guilty of the lesser included charge of "Failure to meet program/ work expectations." Skelton further directed that, although a copy of the completed report shall be filed in the register of institution violations, the documents prepared and used in the disciplinary process "shall not be placed in any file pertaining to" him. (*Id.* at 36-39.) On May 10, 2017, Chief Disciplinary Officer C. Covel affirmed the hearing results. (*Id.* at 39-41.)

Petitioner pursued an unsuccessful administrative appeal, contending that Officer Gonzalez and Officer Delgado maliciously falsified the RVR account. (*See id.* at 13-21.) He sought, among other things, expungement of the lesser disciplinary offense from his central file. (*Id.* at 19.)

The Petition asserts one ground for relief based on "due process /

---

[1] Page citations are to the page numbers assigned by CM/ECF in the header.

falsification of records by [] state employees." (*Id.* at 5.)  Petitioner contends that the officers' allegedly false RVR account denied him due process. (*Id.*)

Petitioner's claim is not properly brought in a petition for writ of habeas corpus.  "The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.D. § 2254, and a complaint under the civil rights Act of 1871 . . . 42 U.S.C. § 1983.'"  *Nettles*, 830 F.3d at 927 (citation omitted).  "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Id.* (citation omitted).  However, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus."  *Id.*

The Petition states that Petitioner is serving a term of 15 years to life plus 10 years for a second degree murder conviction.[2]  (Petition at 2.)  Under these circumstances, "[s]uccess on the merits of [Petitioner's] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  *Nettles*, 830 F.3d at 934-35.  "Because success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus.'"  *Id.* at 935 (citation omitted).

The court has the authority to construe the Petition as a civil rights complaint under § 1983 under certain circumstances.  *Id.* at 936.  "'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his

---

[2]  *See Burton v. Parama*, No. CV 13-8005-DOC (AGR) (Dkt. Nos. 52, 59).

3

or her complaint.'" *Id.* (citation omitted). Here, the complaint does not seek any specific relief and it is unclear whether the complaint names the correct defendants. The Court declines to construe the Petition as a civil rights complaint and will dismiss the action without prejudice to Petitioner's pursuit of a separate civil rights action.

If Petitioner chooses to file a civil rights action, he is advised that he must either (1) pay the filing fee of $350 plus a $50 administrative fee for a total of $400; or (2) file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Request").

If his IFP Request is granted, he will be obligated to pay the filing fee of $350 even if his complaint is unsuccessful. The Clerk is directed to send to Petitioner a prisoner civil rights complaint with forms, instructions and further information. In summary, the Court will assess an initial partial filing fee equal to 20% of the average monthly deposits to his prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in his prison account for that same six month period, whichever is greater. The Court will order the prison to take that initial partial filing fee out of his prison account and forward the money to the Clerk of Court. He will owe the balance of the $350 filing fee. Until the balance is paid in full, he will owe monthly payments as described in the instructions that the Clerk will forward to Petitioner.

The IFP Request requires that Petitioner complete the Prisoner Authorization and have a prison official complete the Certification Section on the Declaration and attach a certified copy of his prison trust account statement for the six months immediately preceding the filing of the complaint. If the IFP Request is granted, the court will order service of process on the Defendant.

Petitioner is further advised that, if his IFP Request is granted and his complaint is dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, it may count as a "strike" under § 1915(g). A prisoner may

4

not bring a civil action without prepayment if he or she has, on three or more prior occasions, brought an action in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Petition is dismissed because it is not cognizable in habeas proceedings. This Order is without prejudice to Petitioner's pursuit of a separate civil rights action. The Clerk is directed to send Petitioner a prisoner civil rights packet.

DATED: January 23, 2018

*David O. Carter*
DAVID O. CARTER
United States District Judge